Christopher P. Burke, Esq.
Nevada Bar No. 004093
atty@cburke.lvcoxmail.com
218 S. Maryland Parkway
Las Vegas NV 89101
(702) 385-7987
Attorney for Plaintiff
Kim Vanamann

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEVADA

| | |
|---|---|
| Kim Vanamann, individually and on behalf others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Nationstar Mortgage, LLC<br>c/o Resident Agent<br>CSC Services of Nevada Inc.<br>2215-B Renaissance Dr.<br>Las Vegas NV 89119<br><br>Defendant. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

<u>CLASS ACTION COMPLAINT</u>

Plaintiff, Kim Vanamann ("Vnamman"), for her Class Action Complaint against the Defendant Nationstar Mortgage LLC ("Nationstar") alleges and states:

1. Plaintiff brings this action to secure redress for a course of conduct that included accessing plaintiff's credit report without consent or any lawful reason, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. Venue is properly before this Court, because the Plaintiff Vanamann is a resident and citizen of this District and the acts complained of caused injury in this District.

### (1) PARTIES

3. Plaintiff is an individual who resides at 7503 Slipstream St. Las Vegas NV 89139.

4. Defendant is Nationstar, an entity formed under the laws of the State of Delaware.

5. The Defendant has willfully and intentionally participated in the wrongful conduct complained of herein and caused injury to the Plaintiff and others similarly situated to the Plaintiff.

### CLASS DEFINITION

6. Vanamann also sues on behalf of others who are similarly situated to Vanamann. This class of persons consists of the following persons:

> Any person who obtained a discharge of their debt to Defendant through a bankruptcy proceeding and after the discharge, the Defendant pulled or obtained a consumer report about that person without a permissible purpose or written authorization within the 5 year period preceding the filing of this complaint. The class excludes any person who falls within the definition if the person is (i) an employee or independent contractor of the Defendant; (ii) a relative of an employee or independent contractor of the Defendant; or (iii) an employee of the Court where this action is pending. This definition may be amended or modified.

### **FACTS**

7. On December 22, 2009 Vanamann filed a bankruptcy proceeding under Title 11 before the United States Bankruptcy Court for the District of Nevada. Prior to the bankruptcy filing, the Plaintiff had a credit relationship with the Defendant as a result of a mortgage debt.

Class Action Complaint

8. As a result of the bankruptcy proceeding, on May 1, 2013 Vanamann was granted a discharge of her in personam liability for debts, including any debt owed to Nationstar.

9. There was no other in personam relationship established or created between Vanamann and Nationstar after Vanamann filed her bankruptcy.

10. Nationstar knew of Vanamann's bankruptcy filing and the grant of a discharge.

11. Despite the discharge and the absence of any in personam credit relationship between Vanamann and Nationstar, Nationstar accessed Vanamann's personal information after the discharge by pulling or obtaining a consumer report from a consumer reporting agency on July 31, 2014.

12. Vanamann had not requested credit from the Defendant, nor was it a replacement for any other credit Vanamann had.

13. Vanamann had not authorized Nationstar access to her private credit report or information.

## CLASS ALLEGATIONS

14. This action is also brought as a Class Action under **Rule 23** of the Federal Rules of Civil Procedure. Plaintiff proposes to represent herself and the class defined above.

15. The named Plaintiff falls within the Class definition and is a Class Member.

16. The particular members of the Class are capable of being described without difficult managerial or administrative

Class Action Complaint

3

problems. The members of the Class are readily identifiable from the information and records in the possession, custody or control of the Defendant and the records of the consumer reporting agencies since they charge the Defendant for each pull made by it.

17. Upon information and belief, the Class is sufficiently numerous such that individual joinder of all members is impractical. This allegation is based on the fact that Defendant is a substantial credit provider.

18. There are questions of law and fact common to the Class which predominates over any questions affecting only the individual members of the Class and, in fact, the wrongs alleged against the Defendants are identical. The common issues include, but are certainly not limited to:

(i) Whether the Defendant obtained or pulled information about the Plaintiff and members of the Class from a consumer reporting agency;

(ii) Whether the Defendant can show any permissible purpose or written authorization to obtain or pull private credit information about the Plaintiff or the members of the class;

(iii) Whether the Defendant acted willfully, as that term has been interpreted under the FCRA when it pulled or obtained the private information about the Plaintiff or the members of the Class;

(iv) The amount of statutory damages to be assessed against the Defendant;

(v) Whether an award of punitive damages against Defendant is appropriate.

4

Class Action Complaint

19. The Plaintiff's claims are the same as each member of the Class and are based on the same legal and factual theories. There is nothing unusual about the Plaintiff to warrant a material difference between her claims and the claims of the members of the class.

20. Defendant's likely defenses (though unavailing) are and will be typical of and the same or identical for each of the Class Members and will be based on the same legal and factual theories. There are no valid unique defenses.

21. The named Plaintiff will fairly and adequately represent and protect the interests of the Class. The named Plaintiff has retained counsel that is experienced in consumer litigation. The named Plaintiff's co-counsel is also experienced in consumer cases including having been appointed as class counsel in a number of class actions asserting claims under consumer protection laws.

22. The named Plaintiff does not have any interests antagonistic to the members of the Class.

*Certification Under Fed. R. Civ. P. 23(b)(2) and (b)(3)*

23. The Defendants have acted on grounds that apply uniformly across the Class, so that the statutory relief afforded pursuant to 15 U.S.C.A. § 1681n is appropriate respecting the Class as a whole. Further, the common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy. A class action

Class Action Complaint

will cause an orderly and expeditious administration of Class members' claims, and economies of time, effort, and expenses will be fostered and uniformity of decisions will be ensured.

24. There are no individual questions to establish the claims of the Plaintiff and the Class Members. The claims are based on the failure of the Defendant to have either a permissible purpose or written authorization to pull or obtain the private information of the Plaintiff and members of the class.

25. Plaintiff's claims are typical of the claims of the class members.

26. The Class members have suffered damages, losses, and harm similar to those sustained by the named Plaintiff. This includes the invasion of their privacy. All are entitled to the statutory damages allowed by the FCRA and to any punitive damages that may be awarded.

**COUNT I - FAIR CREDIT REPORTING ACT**

27. Vanamann incorporates the foregoing paragraphs.

28. The FCRA, 15 U.S.C. § 1681 b, provides it is only permissible to obtain a credit report on a consumer with the written consent of the consumer or for certain "permissible purposes, which insofar as pertinent are the extension of credit to, or review or collection of an account of, the consumer, employment purposes, the underwriting of insurance, or in connection with a business transaction that is initiated by the consumer".

6

Class Action Complaint

29. The requester must affirmatively certify to the consumer reporting agency that a permissible purpose exists.

30. Defendant obtained or "pulled" the consumer report of Vanamann and the members of the class without written permission or a "permissible purpose".

31. To obtain the consumer report of Vanamann or the class members, the Defendant had to affirmatively certify that it had either written consent or a permissible purpose.

32. The Defendant knew that it did not have either written consent or a permissible purpose.

33. The FCRA, 15 U.S.C. § 1681q, provides:

> § 1681q.  Obtaining information under false pretenses
> Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, United States Code, imprisoned for not more than 2 years, or both.

34. The Defendant obtained information about Vanamann and the class members under false pretenses since the Defendant did not have a permissible purpose or written permission.

35. The FCRA, 15 U.S.C. § 1681n, provides:

> §1681n.  Civil liability for willful noncompliance
> (a) In general. Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§ 1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of -
> (1)
> (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $1,000; or

7

Class Action Complaint

(B) in the case of liability of a natural person for obtaining a Consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;
(2) such amount of punitive damages as the court may allow; and
(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

37. The FCRA, 15 U.S.C. § 1681p, provides:

§ 1681p. Jurisdiction of courts; limitation of actions

An action to enforce any liability created under this title [15 USC §§ 1681 et seq. may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this title [15 USC §§ 1681 et seq.] to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this title [15 USC §§ 1681 et seq.], the action may be brought at any time within two years after the discovery by the individual of the misrepresentation.

38. The Plaintiff and the class members have had their privacy illegally invaded as a result of Defendant's willful actions and they are entitled to statutory damages allowed by the FCRA.

39. The Defendant's actions support an award of punitive damages since they acted knowingly when they accessed reports without a permissible purpose and made false certifications to pull or obtain the private information of the Plaintiff and class members.

Wherefore, the Plaintiff prays for the following relief and judgment in his favor and the members of the class and against the Defendant:

a. The Court certify a class of persons defined herein as may be modified or amended;

8

Class Action Complaint

b. Appoint Plaintiff as Class Representative and her counsel as Class Counsel to represent the class certified;

c. Award statutory damages to the Plaintiff and each class member;

d. Award punitive damages against the Defendant;

e. Award the Plaintiff and Class their costs, including attorney fees.

f. Award such other and further relief as may be appropriate and proper.

Respectfully submitted,
Kim Vanamann,
By her Attorneys,
Christopher P. Burke, Esq.

Dated: May 13, 2015

/s/ Christopher P. Burke
Nevada Bar No. 004093
atty@cburke.lvcoxmail.com
218 S. Maryland Park.
Las Vegas, NV 89101
(775) 385-8987
and

Scott C. Borison
(Pro Hac Vice to be filed)
Legg Law Firm, LLP
1900 S. Norfolk Rd. Suite 350
San Mateo CA 94403
Borison@legglaw.com
 (301) 620-1016
Fax: (301) 620-1018
Borison@legglaw.com

*Attorneys for Plaintiff*

9

Class Action Complaint