1  CHRISTOPHER P. BURKE, ESQ.                ECF Filed on 12/8/2015

2  Nevada Bar No.: 004093
   *atty@cburke.lvcoxmail.com*

3  218 S. Maryland Pkwy.
   Las Vegas, Nevada 89101

4  (702) 385-7987
   Attorney for Plaintiff, Kim Vanaman

5

6

7                    **UNITED STATES DISTRICT COURT**
                     **FOR THE DISTRICT OF NEVADA**

8

9                                              Case No.: 2:15-cv-00906-KJD-NJK
   **KIM M. VANAMANN,** individually and on

10 behalf of others similarly situated,

11                    **Plaintiff,**

12 v.

13 **NATIONSTAR MORTGAGE LLC,**

14                    **Defendant,**

15

16

17          **OPPOSITION TO DEFENDANT NATIONSTAR MORTGAGE LLC'S**
               **RENEWED MOTION FOR ENTRY OF PROTECTIVE ORDER**

18

19         COMES NOW, Plaintiff, Kim Vanamann ("Plaintiff" or "Vanamann") by and through

20 her attorney Christopher P. Burke, Esq. ("Burke") in Opposition to Defendant, Nationstar

21 Mortgage LLC'S ("Defendant" or "Nationstar") Renewed Motion for Entry of Protective

   Order ("Protective Order") filed by its attorney, Gary Schnitzer, Esq. ("Schnitzer").

22
                                          **I**
23                            **Summary of Opposition**

24         This lawsuit involves an alleged violation of the Fair Credit Reporting Act ("FCRA").

25 The Supreme Court has recognized that Congress intended to empower individuals to act

26 as private attorney generals in enforcing the provisions of the FCRA and other consumer

27 protection statutes. *See DeJesus v. Banci Popular de Puerto Rico*, 918 F.2d 232 (1st Cir.

28                                            1

1990)(TILA); *Jaffee v. Redmond*, 142 F.3d 409 (7th Cir. 1998)(§1988 case). The private enforcement of consumer protection statutes obviates the need for a large federal enforcement agency. *In re Steinbrecher*, 110 BR 155 (Bankr. E.D. Pa. 1990)(TILA).

In addition, Congress understood that any potential pattern of misconduct affects other consumers. And since consumers are generally unaware of their rights, the public disclosure of information to other consumers in this type of situation is critical. Thats why, this type of pre-disclosure censorship by Nationstar should not be countenanced. The chilling effect such orders could have on individuals bringing consumer protection actions, or from individuals ever even knowing of these illegal acts, unacceptably burdens the public interest. Therefore, public dissemination of this information is critical. And a court should carefully consider suppressing such information.  Especially when, a case does not involve something like national security or some secret recipe.

The issue in this case, is whether Nationstar unlawfully pulled the credit reports of bankrupt individuals, after they surrendered property and received a discharge. As such, it is highly unlikely these individuals will be seeking to hold anything confidential beyond what the law already requires of Nationstar. Therefore, Nationstar [Proposed] Protective Order is solely for its benefit. And in its motion, Nationstar seeks to allow it to unilaterally label unspecified documents as confidential. Then, it places the burden on the Plaintiffs to contact them to explain why these documents  should not be held confidential. And if no agreement can be made as to keeping said documents confidential, only then would this Court get to decide that issue.

Defendant crafted protection orders are a significant and recurring question that affects countless consumers. A decision to grant Nationstar motion, would be at adds with the plain text, incomparable with its structure and inconsistent with Rule 26's purpose.

## II
## Issue

Information obtained during a lawsuit is presumptively public. Thus, the Ninth Circuit has held that good cause as to *specific documents* must be shown before a court will hold a document confidential. This heavy burden, should not be short-circuited by a blanket

confidentiality agreement wherein a party gets to unilaterally determine, what, in its opinion is confidential. Thereby, then placing the burden on the other party to show that each specific document is not confidential. Here, Nationstar seeks such a blanket agreement that would allow it to unilaterally pre-censor information, that in its own opinion *may* involve 'confidential' information. Then place the burden on the Plaintiffs to explain why "each document or category of documents" should not be held confidential. Since this is contrary to Ninth Circuit law, shouldn't Nationstar motion be denied?

### III
### Facts

1.   The parties attorneys met face to face on November 18, 2015 and could not resolve Nationstars request for a protective order. (See Ex. 'A', Decl. C. Burke ¶3)

2.   Over the past week, the parties counsel exchanged several phone calls and emails regarding Nationstar proposed protective order. (Ex. 'A', Decl. C. Burke ¶4)

3.   The parties could not meet face to face the prior two weeks because Burke was out of town. (Ex. 'A', Decl. C. Burke ¶7)

4.   That parties have agreed in principal to a second face to face meeting the week of December 7, 2015. (Ex. 'A', Decl. C. Burke ¶8)

5.   Burke sought a stipulation and order for a extension on filing the renewed motion to allow the parties to again meet face to face the week of December 7, 2015. But Nationstar did not want to risk missing the Courts deadline of December 4, 2015. (Ex. 'A', Decl. C. Burke ¶10)

6.   The parties view of protective orders are fundamentally different.

7.   It is highly unlikely Plaintiffs will be labeling anything as confidential. (Ex. 'A', Decl. C. Burke ¶6)

1

2

## IV
## Argument

**1. Nationstar [Proposed] Protective Order seeks a blanket confidentiality agreement without even specifying any document or basis for protection.**

4

5

6

7

8

There are four reasons Nationstars motion should be denied. First, it goes directly against Ninth Circuit case law. Second, it impermissibly places the burden of explaining why a document is not confidential on the Plaintiffs. Third, it violates the First Amendment and an attorneys ethical duties. And fourth, that other lawsuits may use these types of protective orders is irrelevant.

9

10

11

12

13

14

15

16

To begin with, Rule 26 states, that generally any matter relevant to a claim or defense is discoverable. Fed. R. Civ. P. 26(b). However, that principle is subject to limitations. But only after a showing of *good cause*. In that instance, the district court may issue any protective order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including any order prohibiting the requested discovery altogether, limiting the scope of the discovery, or fixing the terms of disclosure. Fed.R.Civ.P. 26(c). Ultimately, the burden is upon the party seeking the order to "show good cause" by demonstrating harm or prejudice that will result from the discovery. *See Phillips ex rel. Estates of Byrd v. General Motors Corp.,* 307 F.3d 1206, 1210–11 (9th Cir.2002). Here, that has not been met by Nationstar.

17

18

19

20

21

22

23

24

25

26

As the Ninth Circuit has made clear, "the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown." *San Jose Mercury News, Inc. v. United States Dist. Ct.,* 187 F.3d 1096, 1103 (9th Cir.1999). However, "[f]or good cause to exist, the party seeking protection bears the burden of showing that specific prejudice or harm will result if no protective order is granted." *Phillips,* 307 F.3d at 1210. " 'Broad allegations of harm unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.' " *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir.1992) (quoting *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3rd Cir.1986)); *see also San Jose Mercury News, Inc.,* 187 F.3d at 1102 (holding that to gain a protective order the party must make a "particularized showing of good cause with respect

27

28

to any *individual* document")(emphasis added). Again, Nationstars motion avoids this. Only as a last resort, would Nationstar have to prove a particular document should be held confidential.

Therefore, a party asserting good cause, bears the burden, for each *particular* document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted. *Phillips,* 307 F.3d at 1210–11 (citing *San Jose Mercury News,* 187 F.3d at 1102); *see also Beckman,* 966 F.2d at 476,  *Deford v. Schmid Prods. Co.,* 120 F.R.D. 648, 653 (D.Md.1987) (requiring party requesting a protective order to provide "specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm").

Here, at best Nationstar has provided only broad allegations of harm unsubstantiated by specific examples. The argument, that its motion is "for the purpose of protecting sensitive commercial information from appearing in the public record" flies in the face of whats required under Ninth Circuit precedence (Mot. For. Prot. Order, p.5, ln.2-3). Especially when a case involves consumer protection statutes. Therefore, Nationstars proposed order, in going against this Circuits prior holdings, would unilaterally allow a party "who in good faith has determined that the documents contain information protected from disclosure by statute or that should be protected as confidential personal information trade secrets, personal records or commercial information". (Mot. For Prot. Order Ex. 'A' p.2, or p.10 of 31, ln.15-17). Why? Because Nationstar "anticipates that some documents or information that Plaintiff has requested during discovery *could* result in public disclosure of 'confidential . . . commercial information' ". (Mot. For Prot. Order, p.5, ln.14-16)(emphasis added). Thus, it seeks to unilaterally designate a document as confidential and place the burden of explaining why it is *not* on Plaintiffs.

These arguments are specious at best. And at worst, Nationstars request is vague, broad, ambiguous and unduly burdensome for the Plaintiff. As it puts the burden on them, and only within a certain time window, to show that a document is *not* confidential once Nationstar designates it as such.  Only then, the parties cannot resolve it, would Nationstar have to file a motion with the Court. This is a complete waste of time. If at the outset, Nationstar believes  a document is truly confidential, it can explain that to Plaintiff. If

Plaintiffs disagree, then it can seek court intervention. This is not only the simplest, but most convenient, practical and logical route to a resolution.

Obviously, Nationstar motion, is simply too speculative to satisfy the 'good cause' showing required under Rule 26(c). Why? Because Nationstar can unilaterally assert the confidentiality of a documents broadly, does not address any document in particular, has failed to provide specific examples of pending or anticipated litigation that any alleged documents may have an effect on, and have failed otherwise to make a particularized showing of good cause. In essence, its proposed protective order turns Rule 26 on its head. Thus, its motion should be denied as a matter of law.

Nationstars implies that these are standard protection orders in the industry. Perhaps if there companies are engaged in a lawsuit. But in this case it would go against public policy. Besides, this type of argument employs the informal logical fallacy known as "consensus gentium". This holds that just because many are doing something does not mean its correct.

"If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips*. at 1211. Here, Nationstar fails to give this Court the chance of initially making that decision in relation to any particular document. Instead, it seeks the self-serving role of usurping the courts power. Besides, Nationstar has already produced over 1,000 pages of documents through discovery. Is it now seeking to reign in and reliable those documents? If so, that type of practice should be prohibited?

**2. The parties have a fundamentally different view on protective orders.**

To be clear, Plaintiffs are not seeking any type of protective order. In fact, it is highly unlikely they will seek to label any document confidential. Thus, any protective order is solely for Nationstars benefit. But for Nationstar to have the unfettered right to pre-determine that a document(s) is confidential, and to then put the burden on the Plaintiffs, to state why *each and every document* should not be held confidential, cuts against both the Rule and Ninth Circuit precedence.

To the extent this Courts Order seeks imput from Plaintiffs, Burke's email on December 3rd stated what the procedure should be. In relevant part:

> [I]f there is a particular document you seek to protect, please provide it to me with the reason you seek to protect it. Then, if I agree with your reasoning, we can hold that specific document in confidence. If I disagree with you, I will hold it in confidence for 20 days to allow you to make your request to the court. However, if you do not file a motion within the 20 days that document will not be subject to protection. But this must be done on a document by document basis.
>
> (Renewed Motion, p.3, ln. 4-8).

This way, the burden would properly fall on the party seeking to hold a document confidential. But for one party, to be able to lump together and label a bunch of documents as confidential, without stating why each document should be confidential is to turn Rule 26 on its head.

**3. Freedom of speech and ethical considerations.**

As stated earlier, this case involves the FCRA, a consumer protection statute. These types of blanket protective orders, impose burdens on consumers and their counsel for years to come, if not indefinitely. Even more important, besides these potential lifetime burdens, both clients and attorneys are being asked to give up their free speech constitutional rights. Yet, the Constitution does not require attorneys and their clients to surrender their First Amendment free speech rights at the courthouse door. See *In re Halkin*, 598 F.2d 176, 186-87 (D.C.Cir. 1979); *Koster v. Chase Manhattan Bank*, 93 F.R.D. 471, 475-76 (S.D. NY. 1982). Here,  Nationstar seeks to have those rights given up well before Plaintiffs have even entered the courthouse parking lot.

Further, for an attorney to accept such an agreement, without even knowing what documents are being held confidential, may be unethical according to the Model Rules for Professional Conduct ("MRPC"). For instance, Rule 5.6 states:

> "A lawyer shall not participate in offering or making: (a) . . . [a] type of agreement that restricts the right of a lawyer to practice after termination of the relationship; or (b) an agreement in which a restriction on the lawyer's right to practice is part of the settlement of a client controversy".

In other words, however this case ends, Plaintiffs counsel could be limited to representing future clients with similair problems. This not only hurts the lawyer, but the

public at large. Because of this, at least forty-one jurisdictions have now adopted some type of anti-secrecy measure, whether by legislation or court rule. See Joseph F. Anderson, Jr. *Secrecy in the Courts: At the Tipping Point?* 53 Vill. L.R.  811 (2008).

**4. That others may agree to these type of protective orders is irrelevant.**

Finally, Nationastars view that these are standard protective orders, employs the informal logical fallacy known as "consensus gentium" or an appeal to the "authority of the many". This holds, that  just because a majority may be doing something, does not mean its correct or right. If this case involved two big companies, perhaps it would make more sense for parties to agree to these type of orders. But here, we have former bankruptcy debtors against a multibillion dollar conglomerate. There is little the Plaintiffs have to protect. Therefore, not only is it a slippery slope for an attorney to agree to a protective order, it may be unethical. In the end, there is not one good reason that Nationstar has put forth to grant its motion.

**IV**

**Conclusion**

Nationstars motion fails to meet the 'good cause' element required of protective orders. Further, it does not specify any particular document and why it should be held confidential. So the court could not approve. In addition, it is self-serving, premature, vague, ambiguous, amounts to censorship and goes against public policy.

Dated this 8th day of December, 2015

/S/CHRISTOPHER P. BURKE, ESQ.
CHRISTOPHER P. BURKE, ESQ.
Nevada Bar. No.: 004093
218 S. Maryland Pkwy.
Las Vegas, NV 89101
(702) 385-7987

**CERTIFICATE OF SERVICE**

I hereby certify that the 8ᵗʰ day of December, 2015, I caused the above and foregoing OPPOSITION TO DEFENDANT NATIONSTAR MORTGAGE LLC'S RENEWED MOTION FOR ENTRY OF PROTECTIVE ORDER to be sent by electronic notice through the Court's ECF program and or depositing same in the United States Mail, first class, postage prepaid, in a securely sealed envelope and addressed to the last known address of the following:


Kravitz, Schnitzer & Johnson, CHTD.
Sherry A. Moore, Esq.
Gary E. Schnitzer, Esq.
8985 S. Eastern Ave. Suite 200
Las Vegas, NV 89123
Attorney for
Nationstar Mortgage LLC.
Gschnitzer@ksjattorneys.com
(**Sent electronic notice**)


/S/ Adriana Pelayo
Employee of
Christopher P. Burke, Esq.